JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a non-profit corporation, as successor-in-interest to SCREEN ACTORS GUILD, INC., on behalf of Affected Performers,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>SHADOWBOXER, LLC; LEE DANIELS ENTERTAINMENT, LTD.,<br><br>　　　　　　Respondents. | CASE NO.  CV 15-9463-R<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR ORDER CONFIRMING ARBITRATION AWARD |

　　Before the Court is Petitioner's Motion for Order Confirming Arbitration Award, which was filed on December 8, 2015.  (Dkt. No. 1). This Court took the matter under submission on December 30, 2015.

　　District courts have jurisdiction to enter orders confirming arbitration awards relating to collective bargaining agreements. *United Steelworkers of Am. v. Enter. Wheel & Car Corporation*, 363 U.S. 593, 595 (1960).  The power of the court to review an arbitration award however "is both limited and highly deferential." *Sheet Metal Workers Int'l Assoc. Local Union*

1   *No. 359 v. Madison Indus., Inc. of Ariz.*, 84 F.3d 1186, 1190 (9th Cir. 1996).  An arbitration award

2   should be confirmed unless it "would constitute a manifest disregard of the law." *American Post*

3   *Workers Union AFL-CIO v. U.S.P.S.*, 682 F.2d 1280, 1284 (9th Cir. 1982).  The trial court merely

4   examines "whether the grievance is governed by the contract and whether the parties agreed to

5   arbitrate the dispute."  *Madison Indus., Inc. of Ariz.*, 84 F.3d at 1190.

6         The dispute heard before the arbitrator involved the failure of Respondents to provide

7   adequate compensation as specified under the parties' various employment agreements

8   (collectively "CBA").  Section 9.C(1) of the CBA explains how the relevant disputes in the action

9   were arbitrable.  Section 9.G of the CBA allows for the confirmation of the Arbitration Award in

10  federal court.  Since "the grievance is governed by the contract . . . the parties agreed to arbitrate

11  the dispute" and no evidence has been presented to suggest that some other legal exception applies

12  to the enforcement of the arbitration award, this Court must GRANT Petitioner's Motion for Order

13  Confirming Arbitration Award in the amount of $335,757.11.  *See generally id.*

14        A court may make an exception to the normal rule that each party pays its own fees and

15  costs in situations where the "losing party has acted in bad faith, vexatiously, wantonly, or for

16  oppressive reasons."  *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*,

17  707 F.2d 425, 428 (9th Cir. 1983) (citations omitted) (internal quotation marks omitted).  If bad

18  faith is found, the question of whether to award attorneys' fees is within the court's discretion.  *Id.*

19  "[A]n unjustified refusal to abide by an arbitrator's award may equate to an act taken in bad faith,

20  vexatiously or for oppressive reasons."  *Id.*

21        While Petitioner's Motion explains that Respondents have failed to pay out the Arbitration

22  Award, no evidence beyond non-payment has been offered to suggest bad faith on the part of

23  Respondents.  When examined in light of the parties' joint stipulation to continue the hearing date

24  that suggested that Respondents and Petitioner have been working together in an attempt to settle

25  this dispute in good faith; it does not appear that any "bad faith, vexatiously or . . . oppressive

26  reasons" exist so as to make an exception to the normal rules and award attorneys' fees and costs

27  to the Petitioner.  *See id.*  This Court therefore DENIES Petitioner's requests for Attorneys' fees

28  and costs.

1  **IT IS HEREBY ORDERED** that Petitioner's Motion for Order Confirming Arbitration
2  Award is GRANTED as to only the arbitration award, and DENIED as to the request for
3  attorneys' fees and costs.  (Dkt. No. 1).
4  Dated: January 4, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE